FILED
2012 Mar-23  AM 08:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAKIR ABDUL SHAIKH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No: 2:11-cv-3203-PWG |
| | ) |
| **ERIC HOLDER, Attorney General, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. ( Doc. 1). Petitioner, Jakir Abdul Shaikh, seeks review of the lawfulness of his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), pending his removal from the country. On September 22, 2011, respondents filed a motion to dismiss the action as moot because petitioner has been released under an order of supervision. (Doc. 3). Upon consideration, the court finds that respondents' motion is due to be granted and that the petition is due to be dismissed as moot.

In support of their motion to dismiss, respondents have filed a copy of an unsworn declaration made pursuant to 28 U.S.C. § 1746 by a Deportation Officer stating that petitioner was released on September 14, 2011 on an order of supervision.

(Doc. 3-1). Thus, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, this matter is due to be dismissed. *See Murphy v. Holder*, 2010 WL 1994179 (N.D. Fla. April 13, 2010); *Subrun v. Holder*, 2009 WL 3568670 (S.D. Fla. Oct. 30, 2009); *Do ng v. Holder*, 2009 WL 2987418 (S.D. Ala. Sept. 9, 2009).

DONE and ORDERED this 22nd day of March, 2012.

_____
United States District Judge